This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40766**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**JEREMY GALLEGOS,**

  Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Christine E. Rodriguez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca D. Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from his conviction, following a bench trial in metropolitan court, for driving under the influence of intoxicating liquor or drugs (DWI). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to maintain that there was insufficient evidence to support his conviction for DWI because the State failed to prove "he was impaired to the slightest degree and that impairment rendered him

incapable of safely driving." [MIO 7] *See State v. Gurule*, 2011-NMCA-042, ¶ 7, 149 N.M. 599, 252 P.3d 823 (providing that in order to convict under NMSA 1978, Section 66-8-102(A) (2005, amended 2016), the state is required to prove that the defendant, as a result of drinking alcohol, "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the driver and the public"); *see also* UJI 14-4501 NMRA (providing the elements for driving while under the influence of intoxicating liquor). Specifically, Defendant argues that the officer did not see Defendant "fail to maintain his lane, veer into traffic, or swerve" [MIO 3, 8], that his admission to consuming two beers "does not automatically equate with impairment" [MIO 8], and that his performance on the field sobriety tests (FSTs) did not prove he was impaired to the slightest degree, while pointing to possible explanations for his performance on the FSTs other than impairment by alcohol [MIO 8-9]. However, in evaluating the sufficiency of the evidence to support a conviction, we do not consider whether the evidence would have supported the opposite result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). Rather, we evaluate the evidence to determine whether it supports the result reached. *See Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

**{3}**     Here, although the officer acknowledged that he did not observe Defendant fail to maintain his lane or drive in a way that would imply impairment, the State presented other evidence to show that Defendant was impaired. [MIO 8] The officer testified that he smelled alcohol, Defendant had bloodshot, watery eyes, and that Defendant admitted to drinking his last beer two and a half hours before driving. [MIO 4] The officer further testified that during the FSTs, Defendant was unable to maintain the starting position, missed heel-to-toe steps, made an incorrect turn, was unsteady, and stepped out of position multiple times during the walk-and-turn test. [MIO 4, 9] Additionally, Defendant swayed, put his foot down, and raised his arms during the one-leg-stand test. [MIO 4-5] This evidence is sufficient to establish that Defendant was driving while impaired. *See State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (holding that there was sufficient evidence to convict the defendant of DWI when the officer observed the defendant veer over the shoulder line, the defendant smelled of alcohol and had bloodshot and watery eyes, the defendant admitted to drinking, and the defendant showed signs of intoxication during the FSTs); *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot, watery eyes, smelled of alcohol, and slurred speech), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110; *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

**{4}**     For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{5}     IT IS SO ORDERED.

MEGAN P. DUFFY, Judge

WE CONCUR:

JANE B. YOHALEM, Judge

GERALD E. BACA, Judge